IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:15-CV-89-BO

| | | |
|---|---|---|
| TAMERA L. ETHERIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CITY OF ROANOKE RAPIDS, JOSEPH SCHERER, in his official capacity as City Manager, JOHN SIMEON, in his official capacity and individual capacity as Director, Parks and Recreation, and CHRISTINA COKER, in her official and individual capacity as Aquatics Supervisor, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion to deem service timely and defendants' motion to dismiss. [DE 31, 33]. Defendants responded in opposition to plaintiff's motion to deem service timely; plaintiff did not respond to defendants' motion to dismiss. The matters are now ripe for ruling. For the reasons discussed below, plaintiff's motion is DENIED, and defendants' motion is GRANTED.

## BACKGROUND

On June 3, 2015, plaintiff, acting *pro se*, commenced the instant action, alleging, among other claims, age and sex discrimination based on her time as a lifeguard working for defendant City of Roanoke Rapids. Summons were issued but never served. Plaintiff's original complaint has not been served on any defendants to this day.

The remaining pertinent events are most clearly presented in timeline format:

- **October 15, 2015**: Attorney Tracy C. Curtner filed a notice of appearance on behalf of plaintiff. An amended complaint was also filed this day.
- **November 2, 2015**: A notice was issued to plaintiff that service had not been obtained against any defendant in the 120 days of the filing of the complaint. Plaintiff was given 14 days (until November 16, 2015) to comply or risk dismissal of defendants.
- **November 17, 2015**: Plaintiff filed a first motion for extension of time, seeking twenty additional days in which to have summonses reissued and served upon defendants via certified mail.
- **December 14, 2015**: Plaintiff's first motion for extension of time was granted, giving plaintiff until January 3, 2016, to serve defendants properly.
- **January 4, 2016**: At 8:00PM, plaintiff filed the proposed summonses against all defendants.
- **January 5, 2016**: Plaintiff filed a second motion for extension of time to issue and serve summons and complaint, seeking an additional ten days.
- **January 11, 2016**: The Court granted plaintiff's second motion for extension of time, allowing ten additional days to reissue the summonses and make service. Also on that date, summonses were issued as to all defendants. Counsel was directed to print them and make service.
- **January 13, 2016**: A member of Curtner's staff packaged envelopes for mailing to defendants containing only the summons in each.
- **January 15, 2016**: Certain defendants received hand-addressed envelopes, postmarked January 13, 2016, each containing only a summons.
  - Also on this date, Gilbert Chichester, City Attorney for the City of Roanoke Rapids, North Carolina, received copies of the summonses sent to these defendants. Chichester immediately called the Curtner Law Firm and left a voicemail with his name, phone number, and the reason for his call. His call was not returned.
- **January 25, 2016**: Plaintiff filed affidavits of service as to defendants City of Roanoke Rapids, Scherer, and Coker.
- **January 26, 2016**: Plaintiff filed notarized copies of the January 25 documents.
  - Also on this date, Chichester obtained for himself copies of the original and amended complaints from the court.
- **January 28, 2016**: Curtner mailed out envelopes containing the January 11 summonses and a copy of the amended complaint to defendants.
- **February 1, 2016**: Scherer, City Manager for City of Roanoke Rapids, received an envelope containing a summons and copy of the amended complaint.
- **February 10, 2016**: Plaintiff filed an affidavit of service for summons and amended complaint on City of Roanoke Rapids. Plaintiff also filed the instant motion to deem such service timely.
- **March 14, 2016**: Defendants filed the instant motion to dismiss.

## DISCUSSION

Federal Rule of Civil Procedure 4 states "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the

2

time allowed by Rule 4(m) . . ." Fed. R. Civ. P. 4(c)(1). Rule 4(m), at the relevant time, allowed plaintiff 120 days to make service. After that time has elapsed the court—on motion or on its own after notice to plaintiff—must dismiss the action without prejudice or order that service be made within a specified time. Fed R. Civ. P. 4(m). If plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.* Absent waiver or consent, a failure to obtain proper service on the defendants, deprives a court of personal jurisdiction over the defendants. *Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998). Federal Rule of Civil Procedure 12 provides for motions to dismiss based on, *inter alia*, lack of personal jurisdiction, insufficient process, and insufficient service of process. Fed R. Civ. P. 12(b)(2), (4), (5).

Here, plaintiff filed the original complaint on June 3, 2015. No attempt was made to make service on defendants until January 15, 2016—more than seven months after the complaint was filed and approximately three months after plaintiff's counsel entered a notice of appearance. Moreover, this attempted service was incomplete, containing a summons but no original or amended complaint in violation of the plain language of Rule 4(c)(1). These events occurred after two separate orders granting an extension of time and directing plaintiff to have summonses resissued and to make service. Nevertheless, after the initial 120 day window and these two extensions of time from the Court, plaintiff did not properly serve defendants. In the end, defendants did not receive summonses and a copy of the amended complaint until almost eight months after the original complaint was filed.

For all these reasons, the Court refuses to deem service timely, and plaintiff's motion to do so is denied. Accordingly, the Court finds that plaintiff provided insufficient process and

service of process which accordingly deprived the Court of personal jurisdiction over defendants, so defendants' motion to dismiss is granted.

## CONCLUSION

For the reasons discussed above, plaintiff's motion to deem service timely is DENIED. [DE 31]. Defendants' motion to dismiss is GRANTED. [DE 33]. The Clerk is DIRECTED to send a copy of this Order to plaintiff's home mailing address and to close the file.

SO ORDERED, this __27__ day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE